IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB JAMES BERNARDS,   Case No. 3:24-cv-01522-JR

    Plaintiff,   ORDER

v.

PROD HOLDING, INC. *et al.*,

    Defendants.

RUSSO, Magistrate Judge:

Pro se plaintiff Jacob Bernards initiated this action against defendants Prod Holding Inc./Progressive Leasing LLC,[1] Cricket Wireless, Chase Bank, and Sutton Bank/Cash App. On September 25, 2024, the Court granted plaintiff's application to proceed in forma pauperis but instructed the Clerk of the Court not to issue process until further order pursuant to 28 U.S.C. § 1915(e). In addition, the Court granted plaintiff leave to file an amended complaint that complies with the requirements of Fed. R. Civ. P. 8(a). For the reasons stated herein, plaintiff's amended complaint fails to state a claim upon which relief may be granted.

---

[1] Plaintiff asserted claims against Progressive Leasing LLC in his initial complaint but has since omitted them as a named defendant. Plaintiff nonetheless describes Prod Holding Inc. and Progressive Leasing LLC as related entities in his amended complaint. Am. Compl. pg. 6 (doc. 6) ("the leasing company cricket wireless uses is Progressive leasing LLC also known as Prod holding INC"). Consistent with plaintiff's complaint, the Court construes these parties as a single defendant.

Page 1 – ORDER

Under 28 U.S.C. § 1915(e), the district court must dismiss an *in forma pauperis* complaint, either sua sponte or pursuant to a motion made by the opposing party if it "is frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). To avoid dismissal under 28 U.S.C. § 1915(e), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the plaintiff need not detail all factual allegations, the complaint must nonetheless provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se plaintiffs do not have the benefit of legal counsel, therefore their pleadings are "held to less stringent standards" than pleadings drafted by lawyers. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011). Even construing plaintiff's pleadings in the most favorable and liberal light, his amended complaint is dismissed.

Initially, much of plaintiff's amended complaint is conclusory and devoid of factual support. As with plaintiff's prior complaint, he makes allegations of "covert co-opt surveillance" and "wiretapping" surrounding the use of his data by other parties. Am. Compl. pgs. 3, 13 (doc. 6). The Court once again construed these allegations under the Federal Wiretap Act and Computer Fraud and Abuse Act and found the amended complaint does not add any well-plead facts that cure the previously identified deficiencies. Order 4-5 (Sept. 25, 2024) (doc. 5). For the reasons stated in the Court's prior order, these types of allegations fail to state a claim. Similarly, plaintiff's allegations that cookies and preloaded applications constitute "Black OPS PSY.OPS." and "brainwashing," and the listed banks "steal people's personal information" through wiretapping

Page 2 – ORDER

and "mind hacking techniques" remain "beyond unlikely or improbable." *Id.* at 5 (quoting Order of Dismissal 5 (Case. No. 3:24-00633-CL, doc. 9)); Am. Compl. pgs. 6-16 (doc. 6).

Additionally, the amended complaint includes a number of far-ranging and vague allegations that date back several years and involve several poorly defined events and/or individuals/entities that are not named as defendants. *See, e.g.*, Am. Compl. pg. 6 (doc. 6) ("[m]y claim began in 2019 . . . when I become aware of random individuals posting me on facebook/on the internet saying saladeris [sic] comments"; "more recently . . . I was arrested on March 16, 2024 by Mikaylay Odom and Robert B. Koback two arresting officers for the Portland police bureau that stole my Iphone 14 pro max, my rare irreplaceable artifacts and auctioned them off"). It therefore remains unclear from the amended complaint whether all of plaintiff's claims fall within the statute of limitations or are otherwise redressable. *Cf. Subramaniam v. Beal*, 2013 WL 5462339, at *4 (D. Or. Sept. 27, 2013) ("[p]laintiff arguably pleads the necessary elements with sufficient particularity as to People's Choice [but] People's Choice is not a defendant in this suit, and so no fraud claim is supported by these allegations"); *see also Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004) (tort and 42 U.S.C. § 1983 claims are subject to a two year statute of limitations in Oregon).

To the extent plaintiff alleges distinct factual scenarios, they are equally deficient. First, plaintiff alleges a transaction for the purchase of an iPhone with Cricket Wireless, financed by Prod Holding Inc./Progressive Leasing LLC:

> Around March of 2023 I went to cricket wireless to purchase a new phone. I had about $4000 in my bank account so I was going to spend about $500-$750 for a mid level phone. While at the store the sales associate obviously tried to sell me one of the newer phones telling me I could put a down payment down and pay the rest off later, I decide on the Iphone 14 pro max the price was $1200, the sales associate told me I would have 90 days to pay it in full for $1200 or 1 years to pay $2,000, he told me they would take one payment a month $115.90 then at the 90

Page 3 – ORDER

> day mark I was to pay the remaining balance owed or I would have to take the year lease of $2000 . . . I put down $500 as a downpayment Prod Holding Inc. was taking 2 payments a month of $115.90 totaling $331.80, so if you do the math within 3 months of the purchase the phone should have been paid off. I want to [point] out that they already breached the contract by taking 2 payments of $115.90 instead of the 1 payment the sales associate told me[.] Also I want to point out another thing in the transaction history the payments did not include the down payment, and the final amount magically changed from $2000 to $3000 for the phone. I want it to be known that I would not have made a purchase if the sales associate would have been honest and not misrepresented their product.

Am. Compl. pg. 6 (doc. 6).

Second, plaintiff alleges an incident involving Prod Holding Inc./Progressive Leasing LLC and Chase Bank:

> Not only did they steal my money and Chase bank allowed it but they stole and abused my sensitive personal information such as my phone number, social security number, and obviously my bank information. I reported fraud to the fraud department at chase and originally they agreed with m[e] on thanksgiving of 2023 I noticed Progressive leasing LLC took a payment of $115.90 out of my bank account, when I reported to the fraud department they gave me back half of the amount and I paid $40 stop transaction to never process another payment for progressive leasing again however chase bank reversed the claim debiting my checking account allowing them to steal the money out of my account and allowing them to swipe my bank card and use my personal information without my consent and told me they had a [receipt]. I clearly told them not to do it and they did it anyway so at this time they stole about $3000 for an iphone from me and Chase bank allowed it.

*Id.* at pg. 8.

Third, plaintiff alleges fraudulent activity relating to his OnPoint Community Credit Union[2] account:

> When [I] opened the Onpoint community credit union account it was around [M]arch 7th, 2024 and within one week of owning it people frauded the account,

---

[2] The Court notes that OnPoint Community Credit Union was listed as a defendant in plaintiff's initial complaint but has since been omitted as a named party in the amended complaint.

Page 4 – ORDER

> they cashed checks got into my mobile banking and logged me out[.] I reported it to both cash app and to Onpoint and Onpoint community credit union as well as cash app let these people steal over $4000 cash and then they debt the account another $4000. So they gave them double the money and when I reported it they told me there's nothing they can do about it and told me I have to pay everything and referred me to Collection Northwest. The bank employees of Onpoint community credit union frauded my bank stole my personal information, so now cash bank, cash app, and onpoint community credit union as well as cricket wireless have frauded my personal information, gave me information to scammers and stole my money against my consent and then they asked me to pay it all back double to collection northwest.

*Id.*

Plaintiff's allegations sounding in fraud fail at the pleadings level. Pursuant to Fed. R. Civ. P. 9(b), allegations of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Chiba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted). A plaintiff must allege more than the transactional facts and instead "must set forth what is false or misleading about a statement, and why it is false." *Id.* (citation omitted).

In addition to Rule 9(b)'s pleading requirements, a party alleging a fraud claim under Oregon law must also plead facts demonstrating the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

*Nettleton v. Exact Scis. Corp.*, 645 F.Supp.3d 1049, 1056 (D. Or. 2022), *aff'd in relevant part*, 2024 WL 3579334 (9th Cir. July 30, 2024) (citation and internal quotations omitted).

Plaintiff broadly alleges that Prod Holdings Inc./Progressive Leasing LLC engaged in fraud by charging beyond the contracted amount for the iPhone, but neglects to describe the specific details of the parties' contractual arrangement. While plaintiff submitted a payment receipt in the

Page 5 – ORDER

record, showing a single payment of $115.99 was made on November 23, 2023, the receipt indicates merely that a single payment was processed. Am. Compl. pgs. 17-19 (doc. 6). Neither the receipt nor the amended complaint provide the requisite facts critical to meeting Rule 9(b)'s heightened pleading standard or establishing common law fraud.

Likewise, plaintiff's allegations against OnPoint Community Credit Union and Chase Bank neglect to identify "the who, what, when, where, and how of the misconduct charged" or a materially false representation and detrimental reliance. For instance, plaintiff maintains the "bank employees of Onpoint community credit union frauded my bank [account and] stole my personal information," but he does not provide any specifics surrounding this event and the amended complaint's other allegations suggest that unnamed third parties were responsible for taking plaintiff's funds. Am. Compl. pg. 8 (doc. 6). Conclusory statements of fraud do not meet the necessary particularity requirements. *See Subramaniam*, 2013 WL 5462339 at *5 (allegations that "are conclusory and fail to allege any specifics of the allegedly fraudulent conduct" and neglect to indicate "which defendant made the allegedly false statements," "what the content of the statements might have been," or "what damages or personal injury she has suffered as a result or how defendants' actions were the cause of her injuries" are insufficient, even from a pro se litigant, to state a fraud claim).

Plaintiff's allegations sounding in breach of contract fare no better. To state a breach of contract claim in Oregon, the "plaintiff must show: (1) the existence of a contract; (2) the relevant contract terms; (3) that the plaintiff fully performed and did not breach the contract; and (4) that the defendant breached the contract terms resulting in damage to the plaintiff." *Matchniff v. Great Nw. Ins. Co.*, 224 F.Supp.3d 1119, 1124 (D. Or. 2016) (citation omitted). "Under Oregon law, a plaintiff seeking to prevail on a breach of contract claim must plead and prove [their] own

Page 6 – ORDER

substantial performance of the contract's terms." *Strasser v. BAC Home Loan Servicing*, 2014 WL 6686717, at *6 (D. Or. Nov. 24, 2014) (citation and internal quotations omitted).

While plaintiff may have sufficiently alleged the existence of a phone purchase contract or bank account agreement, he has not alleged the specific terms or his full performance thereof. *See Jackson v. Gill*, 2021 WL 5239509, at *4 (D. Or. Oct. 15), *adopted by* 2021 WL 5237232 (D. Or. Nov. 10, 2021) (no viable breach of contract claim where, "even assuming a contract existed, [p]laintiff does not allege any facts about the terms of the contract or facts showing his substantial performance of the contract's terms"). Indeed, while plaintiff references what the Cricket Wireless sales associate "told him" about purchasing an iPhone, he does not include any details about his actual financing agreement with Prod Holding Inc./Progressive Leasing LLC.

## CONCLUSION

Plaintiff's amended complaint (doc. 6) is dismissed without prejudice. Any motion to amend the complaint must conform with the Court's prior decisions and Rule 8(a), and be filed within 30 days. Failure to file an amended complaint as ordered will result in the dismissal of this action with prejudice.

DATED this 20th day of November, 2024.

                                                  /s/ Jolie A. Russo
                                                  Jolie A. Russo
                                        United States Magistrate Judge